IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDWIN JAMES POWELL,              §
TDCJ #1313250,                   §
                                 §
             Petitioner,         §
                                 §
v.                               §          CIVIL ACTION NO. H-10-2131
                                 §
RICK THALER, Director,           §
Texas Department of Criminal Justice -    §
Correctional Institutions Division,       §
                                 §
             Respondent.         §

**<u>MEMORANDUM AND ORDER</u>**

The petitioner, Edwin James Powell (TDCJ #1313250), has filed a petition for a writ

of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction.  The

respondent has answered with a motion for summary judgment [Doc. # 9], arguing that the

petition is barred by the governing one-year statute of limitations found in 28 U.S.C.

§ 2244(d).  Powell has filed a reply [Doc. # 10].  After considering all of the pleadings, the

state court records, and the applicable law, the Court grants the respondent's motion and

dismisses this case for reasons that follow.

**I.      BACKGROUND**

Powell is currently incarcerated in the Texas Department of Criminal Justice –

Correctional Institutions Division (collectively, "TDCJ") as the result of a state court

conviction in cause number 981951.  In that case, Powell was accused of causing his brother's

death by intentionally setting fire to the house in which his brother was sleeping.  Powell was

charged by indictment with the offense of capital murder for causing his brother's death while

committing arson in such a manner.  The State enhanced that indictment for purposes of

punishment with an allegation that Powell had at least one prior conviction for felony murder.

After a jury in the 338th District Court for Harris County, Texas, found Powell guilty of

capital murder as charged on June 27, 2005, the trial court imposed a life sentence.

Powell challenged his capital murder conviction by pursuing direct review.  In that

proceeding, Powell challenged several evidentiary rulings by the trial court. The intermediate

court of appeals rejected all of Powell's arguments and affirmed the conviction after entering

the following summary of the facts presented at trial:

> [Powell] shared a one-bedroom house on Dolly Wright Street in Houston with his brother David.  Witnesses at trial explained that conflict arose between the brothers over who should live on the property, that other siblings had decided that only [Powell]'s brother should live in the house, that [Powell] was angry about this decision, and that [Powell]'s brother was angry because [Powell] had not yet moved out of the house. A few weeks before the fire, [Powell] told his sister that he was determined not leave the house and would burn it down with his brother in it.

> Firefighters dispatched to the Dolly Wright location because of a fire there arrived at about 3:00 a.m. and found [Powell] outside the house. Witnesses to the fire observed [Powell] shouting to his brother to come out of the house, and [Powell] told firefighters that the door into his brother's bedroom would be impossible to break down and that [Powell]'s brother had blocked another exit door with an entertainment center.

> After firefighters extinguished the fire, they found [Powell]'s brother's dead body on the bed in the bedroom. They also found a burning container on the porch of the house. An officer arrived at the house at about 4:00 a.m. with a canine trained to detect fire accelerants. The canine alerted to a container found inside the house and to a spot inside the house near [Powell]'s brother's bedroom; an arson investigator who arrived at the house at about 6 a .m. determined that the point of origin of the fire was the entrance to the bedroom

and that the cause of the fire was arson. Autopsy results showed that [Powell]'s brother died of smoke inhalation and thermal burns to his body; later investigation of the burn patterns of the fire showed that it was impossible for [Powell]'s brother to get out of the bedroom.

On the morning after the fire, at the Dolly Wright location, [Powell] told an arson investigator that he smelled smoke at about 3:00 a.m. and tried to get into his brother's bedroom, but could not. Another arson investigator, who arrived at the Dolly Wright location at about 4:00 a.m., also spoke with [Powell] at the scene. He later asked [Powell] to accompany him to his headquarters, where he took a voluntary statement from [Powell] and from another adult male who was at the scene. An arson investigator who was among those dispatched to the fire returned to the Dolly Wright location a week later. While there, he asked [Powell] to accompany him to headquarters, where [Powell] gave his second statement.

[Powell] was arrested over three months after the fire and charged with murder. Though the charge to the jury authorized a finding of guilt for the lesser-included offense of arson, the jury found [Powell] guilty of murder.

*Powell v. State*, No. 01-05-00638-CR, 2007 WL 846646 (Tex. App. — Houston [1st Dist. March 15, 2007). Thereafter, the Texas Court of Criminal Appeals rejected Powell's petition for discretionary review on September 12, 2007.

Powell now seeks a writ of habeas corpus to challenge his state court capital murder conviction under 28 U.S.C. § 2254. In a petition and supporting memorandum filed on June 10, 2010,[1] Powell contends that he is entitled to relief for the following reasons: (1) he was denied a fair trial because the jury was unconstitutionally empaneled in that it did not consist

---

[1]     The Clerk's Office received the petition on June 16, 2010, and filed it on the same day. The petition is dated June 10, 2010, indicating that the petitioner placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in the Fifth Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

of a fair cross-section of the community; (2) the trial court abused its discretion by admitting evidence of an extraneous offense that was remote in time; (3) the jury was "tainted" by a "loud whistle" that came from the gallery after testimony about Powell's confession to a prior arson offense; (4) the trial court improperly denied the introduction of impeachment evidence; (5) the evidence was legally insufficient to support the conviction for capital murder; (6) he was denied effective assistance at trial; and (7) he was denied effective assistance on appeal. The respondent moves for summary judgment on the contends that all of Powell's claims are barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).  The parties' contentions are discussed further below.

## II.    DISCUSSION

The respondent has filed a motion for summary judgment asking this Court to dismiss the petition as untimely filed.  Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure.  In this instance, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The respondent's arguments are addressed below in connection with the statute of limitations on federal habeas review.

### A.    Federal Habeas Corpus Statute of Limitations

4

The respondent observes that Powell engaged in substantial delay before seeking federal habeas corpus review and argues, therefore, that the petition must be dismissed as barred by the governing statute of limitations.  Under the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

As noted above, Powell challenges a state court conviction that was entered against him on June 27, 2005.  Where a state court conviction is at issue, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Powell's direct review concluded on September 12, 2007, when the Texas Court of Criminal Appeals refused his petition for discretionary review.  Although Powell did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired 90 days later on December 11, 2007.  Thus, the AEDPA deadline to file a habeas corpus petition in federal court expired one-year from that date on December 11, 2008.  The pending federal habeas petition, dated June 10, 2010, is late by more than a year and is time-barred unless an exception applies.

**B.      Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state post-judgment or other collateral review is pending shall not be counted toward the

limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  Powell has filed a response to the summary-judgment motion.  He makes no effort to establish a basis for statutory tolling, however, and the record does not disclose any.

The record reflects that Powell filed an application for a state writ of habeas corpus on September 8, 2009.  The trial court entered findings of fact and recommended that relief be denied.  The Texas Court of Criminal Appeals agreed and denied relief on November 4, 2009, based on the trial court's findings.  Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Powell has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### C.    Equitable Tolling

The Fifth Circuit has acknowledged that the AEDPA's statute of limitations may be equitably tolled, at the district court's discretion, "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The Supreme Court has held that a

"'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Powell has not met either criteria here because he does not allege facts showing that he pursued his rights with the requisite diligence and he further fails to show that extraordinary circumstances prevented him from pursuing relief in a timely manner.

In his response to the summary judgment motion, Powell contends that his petition should not be dismissed as untimely because he is "actually innocent." In support of that argument, Powell maintains that the evidence was legally insufficient and his trial was tainted by ineffective assistance of counsel, among other violations. These allegations, however, concern the substantive claims raised in the petition and are not evidence of actual innocence of the offense. It is well established that "'actual innocence' means factual innocence, not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); *see also Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997) ("'[T]he term 'actual innocence' means *factual*, as opposed to *legal*, innocence — 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime.'") (emphasis in original) (citation and quotation omitted).

Importantly, Powell did not raise an actual innocence claim on state habeas review and he does not claim to be innocent as a matter of fact. Thus, assuming that such a claim is

available on federal habeas review, Powell does not make the "extraordinarily high" showing that he meets the standard of proof necessary to make a stand-alone claim of actual innocence. *House v. Bell*, 547 U.S. 518, 554-55 (2006). Because Powell has not shown himself to be actually innocent, there is nothing in the pleadings which excuses his failure to timely file his petition. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that a claim of actual innocence is not a "rare and exceptional circumstance" that justifies equitable tolling of the statute of limitations because many prisoners maintain they are actually innocent).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2] However, the doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Powell has not established that he is

---

[2] To Court notes, nevertheless, that Powell's claims were rejected on state habeas corpus review. Powell does not demonstrate that the state court's decision to reject his petition was contrary to or resulted in an objectively unreasonable application of clearly established precedent. *See* 28 U.S.C. § 2254(d). Because the petition is plainly barred by the governing statute of limitation, the Court does not address the merits further.

entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

9

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 9] is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  November 23 , 2010.

Nancy F. Atlas
United States District Judge